IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALBERTO BENITEZ-DIAZ,
CESAR M. SERRANO-NIETO,
JAIRO SALAZAR-DOMINGUEZ,
JOSE DERAS-LOPEZ, and
SALVADOR ALAMILLA,

           Petitioners,

  v.

WARDEN E. EMMERICH,

           Respondent.

OPINION and ORDER

24-cv-369-wmc

---

      Representing themselves, petitioners Alberto Benitez-Diaz, Cesar M. Serrano-Nieto, Jairo Salazar-Dominguez, Jose Deras-Lopez, and Salvador Alamilla seek federal habeas corpus relief under 28 U.S.C. § 2241 from the calculation of their sentences by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioners contend that they have been denied time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), based on their status as deportable prisoners in violation of their right to due process and equal protection of the laws. They have also filed a motion for class certification of other BOP prisoners who are deportable and who have been denied these time credits, which would shorten the length of their imprisonment. (Dkt. #5.) The petitioners' motion for class certification will be denied, as will the named petitioners' individual requests for relief. Indeed, this case will be dismissed for the reasons explained below.

OPINION

Petitioners are currently confined at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). The joint petition does not include specific information about each petitioner's underlying convictions or length of sentences being challenged. Instead, petitioners argue that they are all be entitled to speedier release from prison if the BOP recalculated their sentences to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). (Dkt. #1, at 9-10.) The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, none of the petitioners are eligible to have FTCs apply to their sentences because they are all under a final order of removal.[1] Therefore, they are expressly excluded from eligibility for the application of FTCs to their sentences. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early

---

[1] Exhibits confirm that petitioner Benitez-Diaz is subject to a Notice and Order of Expedited Removal, finding him inadmissible under federal immigration laws, and he will be deported upon his release from prison. (Dkt. #1-1, a 4-5.) An expedited removal order is final when it orders an alien deported because such an order is not subject to administrative review. *See* 8 C.F.R. § 235.3(b)(2)(ii); *see also Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024), R&R adopted by 2024 WL 968850 (C.D Cal. Mar. 6, 2024). The same is true for petitioners Serrano-Nieto, Salazar-Dominguez, Deras-Lopez, and Alamilla, all of whom are also subject to final orders of removal. (Dkt. #1-2, at 2; Dkt. #1-3, at 5; Dkt. #1-4, at 2; Dkt. #1-5, at 2-3.)

transfer to supervised release" for prisoners subject to a final order of removal under immigration laws). By denying the application of FTCs to their respective sentences, however, petitioners argue that BOP has discriminated against them unlawfully due to their non-citizen status.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). Still, to obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Moreover, before seeking relief in federal court a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11

form to BOP's Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioners concede that they have not exhausted the available BOP administrative remedy process. (Dkt. #1, at 10.) However, they argue that exhaustion should be excused for their claims here because of the obvious futility in trying to do so. (*Id*.) The court need not resolve whether petitioners may be excused from the exhaustion requirement because their claims fail on the merits.

To show that due process protections apply, petitioners must first demonstrate that a protectable liberty interest exists. *Bunn v. Conley*, 309 F.3d 1002, 1010 (7th Cir. 2002) (citing *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982)). As noted above, the petitioners in this case are all statutorily ineligible to have FTCs applied to their sentences, and courts have repeatedly held that prisoners do not otherwise have a constitutionally protected liberty interest in these credits. *See Gant v. King*, No. 23-cv-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits") (string citations omitted). Accordingly, petitioners cannot establish a due process violation.

When analyzing an equal protection claim, courts must first determine whether the claim involves a suspect class or fundamental right. *Mass Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) (per curiam) ("equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class").

4

Unfortunately for petitioners, the United States Supreme Court has held that Congress may lawfully distinguish between citizens and non-citizens in the provision of benefits. *Mathews v. Diaz*, 426 U.S. 67, 78-80 (1976). Thus, "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes. *Plyler v. Doe*, 457 U.S. 202, 223 (1982).

Likewise, time credits on a federal sentence do not implicate a fundamental right that is implicitly or explicitly guaranteed by the Constitution. *Perez v. Zenk*, No. 04-cv-5069, 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see also Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing a § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims). Absent a fundamental right or suspect classification, legislation is presumed valid if the challenged classification "is rationally related to a legitimate state interest." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985); *Soskin v. Richardson*, 353 F.3d 1242, 12534 (10th Cir. 2004) ("the federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis").

Finally, petitioners cannot prevail with an equal-protection challenge because federal appellate courts have repeatedly recognized that the BOP has a rational basis to exclude aliens from receiving time credits or access to programs that would hasten their release to community-based housing such as a half-way house or home confinement. *See McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (excluding prisoners with detainers from participating in the community-based treatment phase is a reasonable

means for eliminating the risk that prisoners with detainers will flee); *Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 F. App'x 132, 134 (3rd Cir. 2017) (excluding prisoners with immigration detainers from residential drug rehabilitation programs and community-based confinement is rationally related to legitimate BOP interest in reducing the flight risk posed by prisoners facing removal); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012) (excluding prisoners with immigration detainers from halfway-house placement is rationally related to preventing those detainees from fleeing); *see also United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. Jan. 11. 2006) (per curiam) (agreeing with the decisions of courts holding that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement"). As a result, courts have generally rejected equal-protection challenges to the First Step Act's classifications based upon a prisoner's deportable status because "prohibiting removable aliens from applying time credits to their sentences and releasing them into the community serves the legitimate purpose of reducing the risk that aliens facing deportation will flee." *Cheng v. United States*, 725 F. Supp. 3d 432, 439 (S.D.N.Y. 2024); *see also United States v. Arellano-Felix*, No. 97-cr-2520, 2023 WL 1487293, at *3 (S.D. Cal. Jan. 31, 2023); *Lomeli v. Birkholz*, No. 23-cv-9461, 2024 WL 3528677, at *3 (C.D. Cal. June 18, 2024), R&R adopted, 2024 WL 3526881 (C.D. Cal. July 24, 2024).

Accordingly, petitioners fail to show that their sentences have been calculated unlawfully in such a way that violates the Constitution. Because they are not entitled to relief under 28 U.S.C. § 2241, their joint petition must be denied.

ORDER

IT IS ORDERED that:

1. The joint petition filed by Alberto Benitez-Diaz, Cesar M. Serrano-Nieto, Jairo Salazar-Dominguez, Jose Deras-Lopez, and Salvador Alamilla (dkt. #1) is DENIED.

2. The motion for class certification (dkt. #5) is also DENIED.

3. This case is DISMISSED with prejudice.

Entered on this 22nd day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge